CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 30 2020
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RICHARD NAHWOOKSY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18cv00479 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARCUS ELAM, et al., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Richard Nahwooksy, Jr., a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against various Virginia Department of Corrections officials on September 27, 2018. (Complaint, Sept. 27, 2018 [ECF No. 1].) On February 20, 2019, Defendants[1] J. Clifton, Marcus Elam, and J.A. Woodson filed the present Motion to Dismiss. [ECF No. 22.] The matter was fully briefed by the parties, and I have reviewed the pleadings and arguments of the party, making the matter ripe for disposition. For the reasons stated herein, I will grant the motion to dismiss and dismiss this action.

I.

Plaintiff Richard Nahwooksy is an inmate, held by the Virginia Department of Corrections ("DOC"), at the Augusta Correctional Center. For the past several years, Nahwooksy has been labeled as a "gang member" on internal prison classification roles (see

---

[1] Nahwooksy also named "John Doe/Jane Doe" as a defendant. (Compl. ¶ 4 [ECF No. 1].) On January 16, 2020, the Office of the Attorney General advised that, based on Nahwooksy's allegations, Jane Doe was most likely "A. Turner," and that the Office of the Attorney General are prepared to represent Turner in this action. There is no indication that Turner has been served with the present complaint. Prior to identifying Turner, counsel for Clifton, Elam, and Woodson indicated that it "could not accept service on behalf of . . . Jane Doe." (Defs.' Mem. in Support of Mot. to Dismiss pg. 1 n.1, Feb. 20, 2019 [ECF No. 23].)

ECF No. 16-1, Ex. I (listing Nahwooksy as a member of the gang "Sureno 13", as of Nov. 21, 2014)), despite the fact that, according to Nahwooksy, he is not now, nor has he ever been, a member of a gang. This designation was made either mistakenly or purposefully but, according to Nahwooksy, it is false and without a factual basis. Nahwooksy has filed several grievances with the DOC regarding this classification, and in 2009 the DOC staff conceded that a prior allegation that Nahwooksy had "gang tattoos" was false. (See, e.g., ECF No. 16-1, Ex. H.). Nevertheless, Nahwooksy has repeatedly been told that, because his designation was changed by the gang unit, only the gang unit could change it back. (See, e.g., ECF No. 18-1, pgs. 14-15.)

Nahwooksy is eligible for discretionary parole but has not been granted it. In December of 2013, the parole board denied him release based on the following reasons:

- History of violence.
- Conviction of a new crime while incarcerated
- [His] prior failure(s) and/or convictions while under community supervision indicate that [he is] unlikely to comply with conditions of release.
- Serious nature and circumstances of [his] offense(s).
- The Board concludes that [he] should serve more of [his] sentence prior to release on parole.
- The Board considers [him] to be a risk to the community.

[ECF No. 16-1, Ex. I.] In March of 2015, Nahwooksy was denied parole again, and the Board gave the following reasons for its decision:

- Release at this time would diminish seriousness of crime
- Crimes committed
- Conviction of a new crime while incarcerated
- Extensive criminal record

- [His] prior failure(s) and/or convictions while under community supervision indicate that [he is] unlikely to comply with conditions of release.
- Serious nature and circumstances of [his] offense(s).
- The Board concludes that [he] should serve more of [his] sentence prior to release on parole.

[Id.] In December of 2015, Nahwooksy was again denied parole, based on:

- Crimes committed
- Serious nature and circumstances of [his] offense(s).
- Extensive criminal record
- The Board considers [him] to be a risk to the community.

[Id.] On December 15, 2016, Nahwooksy was against advised that his request for discretionary parole was denied, and the Board gave the following reasons for its decision:

- Conviction of a new crime while incarcerated
- Crimes committed
- Serious nature and circumstances of [his] offense(s).

[Id.] A similar letter was received on February 16, 2018,[2] advising Nahwooksy that parole was denied because:

- Release at this time would diminish seriousness of crime
- Extensive criminal record
- Serious nature and circumstances of [his] offense(s).

[Id.]

According to Nahwooksy, at several of his parole hearings, members of the parole board inquired about his alleged "gang" status.[3] Nahwooksy contends that his erroneous classification as a gang member has adversely affected his chances to be released on parole.

---

[2] Nahwooksy contends that, during one parole hearing, a board member asked him if his homicide conviction was gang related and inquired whether he had gotten into a gang while in prison. (Compl. ¶¶ 9-10 [ECF No. 1].) It is unclear if the February 2018 denial letter concerned the November 2017 hearing.

[3] See, e.g., supra note 2.

Nahwooksy has not, however, alleged that his alleged gang affiliation was ever listed as a basis to deny him parole.

Nahwooksy filed a civil action, pursuant to 42 U.S.C. § 1983, against several Augusta Correctional Center staff people on September 27, 2018. Following a series of pretrial issues, Defendants Marcus Elam, J.A. Woodson, and J. Clifton filed a motion to dismiss on February 20, 2019. The matter was been fully briefed by the parties, and I have reviewed the pleadings, relevant and permissible evidence attached to Nahwooksy's complaint, and the arguments of the parties. This matter is therefore ripe for disposition.

## II.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that

merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III.

Nahwooksy alleges four causes of action: (1) "Defamation of Character, 'Libel and Slander'"; (2) "Due Process Clause, 'Not being provided with hearing nor notification of alledged [*sic*] accusation'"; (3) "Due Process Clause, 'Restricted Virginia Department of Correction Procedure being used secretly'"; and (4) "Due Process Clause, 'Not being provided with a fair Parole Hearing'". (Compl. ¶¶ 43-65.) Each claim will be addressed in turn.[4]

  a. Defamation

The gravamen of Nahwooksy's first cause of action is that a state official defamed him when she incorrectly classified him as a gang member. Granting that such a designation is offensive and harmful to Nahwooksy, a defamatory act "does not implicate liberty or property interests under the Constitution." Breckenridge v. Albemarle Cnty. Police Dept., No. , 2007 WL 2029305, at *2 (W.D. Va. July 10, 2007) (citing Paul v. Davis, 424 U.S. 693, 711-12 (1976)).

Section 1983 "provides a vehicle for vindication of rights arising under the constitution or other federal laws, not rights arising under state laws." Id. (citing Weller v. Dept. of Soc. Servs. for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990)). According to the Supreme Court, "a plaintiff must allege something more than defamation by a state

---

[4] I am cognizant of the leeway given to *pro se* pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, Nahwooksy's complaint suffers from several fatal defects.

official to state a claim under § 1983." Id. (citing Paul, 424 U.S. at 711). Because Nahwooksy makes, at most, a claim of defamation against Defendants[5] and has failed to identify a liberty or property interest arising under the Constitution or federal law that was violated by the statement alleged, he has failed to state a claim under § 1983 and his claim will be dismissed.[6]

   b. Due Process: No Hearing or Notification of Alleged Accusation

Nahwooksy's second cause of action rests on his assertion that his being characterized as a gang member violated his due process rights because he was not given notice or an opportunity to be heard, the hallmarks of due process, before being so designated. See Joint Anti-Fascist Comm. v. McGrath, 341 U.S. 123, 168 (1951) (Frankfurter, J., concurring) (The "right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.").

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "Changing a prisoner's classification generally does not deprive him of a liberty interest under the Due Process Clause." Griffin v. Commonwealth of Virginia, No. 7:07cv00441, 2008 WL 2944553, at *2 (W.D. Va. July 29, 2008) (citing Hewitt v. Helms, 459

---

[5] There is plenty of merit to Defendants' argument that the only allegedly defamatory statement was made by Jane Doe, not any named defendant who presently moves to dismiss. Regardless, defamation is "not actionable under § 1983." Breckenridge, 2007 WL 2029305, at *2. Even if Nahwooksy *had* alleged allegedly defamatory statements made by the named defendants, he still would fail to state a claim.

[6] Assuming Nahwooksy was also asserting a claim of defamation directly (as opposed to a claim under § 1983), the court will decline to exercise supplemental jurisdiction over such a claim. See 28 U.S.C. § 1367(c)(3) (2019).

U.S. 460, 468 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 479-84 (1995)). See also Tamez v. Buentello, 80 F. App'x 933 (5th Cir. 2003); Fultz v. Collins, 3 F.3d 440 (5th Cir. 1993) (finding that an inmate did not state a constitutional violation when he claimed that the prison improperly classified him as a gang member).

"A liberty interest may be implicated, however, when state laws and prison regulations create a liberty interest to which due process protections apply." Griffin, 2008 WL 2944553, at *3 (citing Meachum v. Fano, 427 U.S. 215, 226 (1976). In the present case, however, Nahwooksy "does not point to, and this court is not aware of, any Virginia laws or prison guidelines that create a liberty interest triggering due process rights in the instant circumstance." Id. (citing Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994)).

> Indeed, courts have found that Virginia's classification scheme governing prisoner's custody, security, and good conduct earning levels does not create a liberty interest in avoiding changes in these classifications, because an inmate's status in each of these is subject to change, "based on his own behavior and the discretion of prison officials."

Id. (quoting Oliver v. Powell, 250 F. Supp. 2d 593, 605 (E.D. Va. 2002)). Because Nahwooksy has failed to identify a liberty interest that was implicated in the allegedly erroneous classification of him as a gang member, the failure to notify him or give him an opportunity to respond to that determination cannot form the basis of a due process claim. See id. at *4 (noting that, in the absence of a liberty interest, "the court need not address whether the process for determining [the inmate's] classification was adequate."). Count Two must be dismissed.

c. Due Process: "Secret" Proceedings

For the same reasons, there is not due process violation in the *manner* in which the Department of Corrections goes about categorizing its inmates. If Nahwooksy has no liberty interest in being classified as specific way, it follows that he has no interest in the process that is used to classify him in a specific way. See id. at *4. In the absence of an identifiable liberty interest that has been implicated, Nahwooksy fails to state a claim in Count Three.

d. Due Process: Unfair Parole Hearing

Finally, Nahwooksy claims that the parole hearings have been unfair as a result of his erroneous classification as a gang member. Vitally, Nahwooksy does not allege that his alleged gang status was never a listed basis for denying his request for parole. For the same reasons that his gang-member classification does not give rise to a due process violation, so too does this claim fail.

For the most part, Virginia's parole system is discretionary. See, e.g., Va. Code Ann. § 53.1-159 (2019). "In the absence of some entitlement, a fear or hope about a future discretionary decision is too speculative to give [Nahwooksy] a liberty interest." Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "[A]n individual claiming a protected liberty interest must have a legitimate claim of entitlement to it." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). "Because the Virginia parole statutes provide that the decision to release a prisoner on parole is (with the exception of mandatory parole . . .) a discretionary one which is dependent on subjective

evaluations and predictions of future behavior, 'a prisoner cannot claim entitlement and therefore a liberty interest in the parole release.'" Griffin, 2008 WL 2944553, at *3 (quoting Gaston, 946 F.2d at 344). See also Farr v. Rodriguez, 255 F. App'x 925, 926 (5th Cir. 2007) (finding no due process violation where inmate claimed he was denied parole eligibility because of his classification as a gang member because inmate was not automatically ineligible for parole; parole is determined under state law by the offense of conviction and the discretion of the parole board); Willis v. Telford Unit Committee, Civil Action No. 5:07-cv-150, 2008 WL 793741 (E.D. Tex. Mar. 24, 2008) (finding no due process violation where inmate claimed that classification as a gang member and subsequent disciplinary action may adversely affect his chances for parole because there is no constitutional right to release on parole and the placement of this factor on inmate's record does not affect a constitutionally protected right, but only the "mere hope" of release on parole). Because Nahwooksy has no right to parole, he has not alleged any liberty interest at stake, and thus no due process violation.

Insofar as Nahwooksy alleges a due process violation for the manner in which his parole hearings have been conducted,[7] see, e.g., Gaston, 946 F.2d at 344 (noting that state law "giv[es] to a [parole-eligible] prisoner the right for parole consideration at a specified time"), he has likewise failed to state a claim.

"Once a state has 'create[d] a liberty interest, the Due Process Clause requires fair procedures for its vindication." Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam). In the context of discretionary parole, "the procedures required are minimal." Id.

---

[7] Although I find Defendants' statute of limitations argument to be persuasive, because the allegations fail as alleged and without regard to the limitations period, I will not address the statute of limitations issue.

In prior cases, courts have held that, "[a]t most, . . . parole authorities must 'furnish to the prisoner a statement of its reasons for denial of parole.'" Vann, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Franklin v. Shields, 569 F.2d 784, 801 (4th Cir. 1978) (en banc)). Beyond those minimal requirements, the Fourth Circuit has "declined to hold that, as a constitutional matter, each prisoner must 'receive a personal hearing, have access to his files, or be entitled to call witnesses in his behalf to appear before the Board.'" Burnette v. Fahey, 687 F.3d 171, 182 (4th Cir. 2012) (quoting Franklin, 569 F.2d at 800).

Turning to Nahwooksy's allegations, he has alleged that be received more than the minimum required in the present context. Although he was not entitled to it, he alleges that he was granted an in-person hearing with the parole board and given the opportunity to respond to the classification in his file. Likewise, has expressly alleges that he *was* afforded the constitutional minimum to which he was entitled: a "statement of [the parole board's] reasons for denial of parole." Franklin, 569 F.2d 784 at 801. Because his allegations do not state a claim for a due process violation, Count Four will be dismissed as well.

## IV.

For the reasons stated above, Nahwooksy has failed to state a cognizable cause of action. Defendants' Motion to Dismiss will be granted. Although Jane Doe ("A. Thomas") has not been served in this action and is not a party to the present motion, I nevertheless dismiss this case against her, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons set forth herein.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Nahwooksy and all counsel of record.

**ENTERED** this 30th day of March, 2020.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT COURT